**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| REZKALLA SADA, a.k.a. Sada Rzkalla, | No. 07-74551 |
| Petitioner, | Agency No. A095-631-342 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Rezkalla Sada, a native and citizen of Syria, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for withholding of removal and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's determination that the discrimination Sada suffered in Syria and the two incidents where young men insulted and attacked him on account of his disability, even considered cumulatively, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *see also Padash v. INS*, 358 F.3d 1161, 1166 (9th Cir. 2004) (two unrelated fights based on family's religion did not constitute past persecution). Substantial evidence also supports the agency's finding that Sada failed to establish a clear probability of future persecution. *See Padash*, 358 F.3d at 1166-67; *see also Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) (when a petitioner has not established past persecution, the agency may "rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution."). Accordingly, Sada's withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of CAT relief because Sada failed to demonstrate it is more likely than not he will be tortured by or with the acquiescence of government officials if returned to Syria. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

07-74551